UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEREMY M. ALLEN; RACHAEL C.
ALLEN; CLAIRE ALSUP AND LUKE
BURGIS, AS TRUSTEES OF THE ABBEY
THEATRE TRUST; MARC BAER; JUDITH
JOHNSON BROWN; JENNIFER JOHNSON
BARTH; CHRISTOPHER JOHNSON;
JACQUELINE L. BECK, AS TRUSTEE OF
THE JACQUELINE L. BECK TRUST;
JUDITH BERGSMA, AS TRUSTEE OF
THE JUDITH K. BERGSMA TRUST;
ROBERT C. BOUMAN; LAKEFRONT
DRIVE LLC; RICHARD C.
BURKHOLDER, AS TRUSTEE OF THE
RICHARD C. BURKHOLDER TRUST;
RICHARD C. BURKHOLDER; MARIE
BURKHOLDER; KRISTEN F. BURNS;
KENNETH A. BURNS; KIRK BUSH;
ETHAN CORN; KAYLA GODDARD;
GERALD E. COX, AS TRUSTEE OF THE
GERALD E. COX TRUST; THOMAS
CRAWFORD AND CHRIS CRAWFORD,
AS TRUSTEES OF THE CRAWFORD
TRUST; DAVID DENHOF; LAURA
DENHOF; DAVID DENHOF AND LAURA
DENHOF, AS TRUSTEES OF THE
DENHOF COTTAGE TRUST; MARYLYN
H. DOYLE; DAN DOBROSLAW AND
LINDA DYKERT, AS TRUSTEES OF THE
DOBROSLAW AND LINDA DYKERT
JOINT TRUST; MARK ERIKS, AS
TRUSTEE OF THE LEIGH ANN D. ERIKS
TRUST; ROBERT D. FEWLESS AND
CAROL J. FEWLESS, AS TRUSTEES OF
THE FEWLESS FAMILY TRUST; MILAN
FILCIK; HEATHER FILCIK; ANDREA
STEVENS; MICHAEL GALER; JAMES R.
HAWKINS; KRISTINE M. HAWKINS;
VICTOR L. HELDER; DORI R. HELDER;
CRAIG H. HILL; SANDRA K. HILL; JACE
PROPERTIES LLC; 2188 ARAPAHOE
LLC; ERIC KELLA; DANIELLE KELLA;
KNALTERS LLC; SUSAN STAP KUST;

Case No.

Hon.

**COMPLAINT AND JURY DEMAND**

ROBERT N. KUST; DAVID LA GRAND;
MELISSA LA GRAND; JAMES LEHMAN;
BRENDA CAPOBIANCO; OVERLORD
ENTERPRISES LLC; CHRISTINE A.
LINABURY; LEEWARD LLC-SERIES X;
JAMES LUEBBE AND MELISSA
LUEBBE, AS TRUSTEES OF THE JAMES
AND MELISSA LUEBBE TRUST; HAVEN
SANDS LLC; THOMAS McGOUGH; BETH
McGOUGH; HAVEN WOODS LLC;
MYRNA MC NITT; KELLY PATRICK
O'BRIEN; CLAIRE OSBORN AND
GREGORY OSBORN, AS TRUSTEES OF
THE OSBORN 2018 CLAIRE-GREGORY
T. TRUST; CHRISTOPHER L. OUWINGA;
JUSTIN PALMER; KELLY PALMER;
MICHAEL S. PENDERGRASS; SARA E.
PENDERGRASS; THERESE M.
HAWKINS; JASON REIERSON; MILISSA
REIERSON; ALEXANDER K. ROBERTS;
MARGO R. ROBERTS; BRAD RUGGLES;
LISA RUGGLES; ADVENTURELAND
PROPERTIES LLC; VENTURA PINES
CABIN LLC; FOREST DRIVE HOLLAND
LLC; SUNNYSIDE VENTURES LLC;
SHAWN GRASMAN AND STACY
GRASMAN, AS TRUSTEES OF THE
SHAWN GRASMAN TRUST AND STACY
GRASMAN TRUST; JAMES R. STEGNER;
PAMELA K. STEGNER; 334 CENTRAL
AVE LLC; NICHOLAS H. BAILEY;
LAUREN E. SWIHART; TED VANACKER,
AS TRUSTEE OF THE VANACKER 2015
IRREVOCABLE TRUST; VICTOR VAN'T
HOF, AS TRUSTEE OF THE VICTOR A.
VAN'T HOF TRUST; MAPLEWOOD
HOLDINGS III LLC; SCOTT T. VANDEN
BERG; ELIZABETH V. VANDEN BERG;
TODD VANHEEST; HARRIET
VANHEEST; CANUS ONE LLC; CANUS
TWO LLC; JARED VANHEEST; JEROME
A. VITE; JULIE VITE; STEFAN WALTER;
CRYSTAL WALTER; KATHY WELLER
AND CHRISTOPHER WELLER, AS
TRUSTEES OF THE KATHY WELLER
TRUST; XIAO BAITAO; YU WENBO,

Plaintiffs,

v.

PARK TOWNSHIP, MICHIGAN,

Defendant.

---

### COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their counsel, Varnum LLP, hereby state as their Complaint against Defendant Park Township as follows:

### NATURE OF ACTION

1.      Park Township officials have repeatedly interpreted the Park Township Zoning Ordinance in effect from 2003 until March 2024 as allowing short-term rentals ("STRs") in residential districts.  *Numerous* Zoning Administrators (and other Township officials) told residents they can have a short-term rental in residential districts.  *Numerous* Zoning Administrators testified under oath that short-term rentals could be used in residential districts under the Zoning Ordinance.  And perhaps most telling, the Zoning Administrator in 2003 testified that the Township amended the Zoning Ordinance in 2003 *to ensure that short-term rentals could be used in residential districts*.  Over 200 short-term rentals existed in Park Township, yet Park Township never issued a single citation for operating a short-term rental.  Despite all of the above, the Township now interprets the Zoning Ordinance that existed from 2003 to March 2024 (the "Pre-2024 Zoning Ordinance") to say that short-term rentals have *always* been illegal.

2.      The Township's current interpretation is no mistake:  the Township's Board of Trustees recently decided that STRs (which the Township now says is 28-days or less) should not exist in Park Township.  But the only way to accomplish the Township's objective was to concoct

an interpretation that short-term rentals were never allowed because \*_otherwise_\* the hundreds of short-term rentals could continue to exist as nonconforming uses (i.e., "grandfathered").

3.      To date, the Township has succeeded in its after-the-fact interpretation.  The Township's counsel who first assisted the Township Board in creating the after-the-fact interpretation was also the Township's litigation counsel and is also the same counsel who provided advice to the Township's Zoning Board of Appeals.  Not surprisingly, the Township's Zoning Board of Appeals offered an interpretation consistent with the Township's Board of Trustees' new interpretation, which is also the same position that the Township took in previous litigation.  Plaintiffs challenge only whether the Pre-2024 Zoning Ordinance failed to give Plaintiffs fair notice of prohibited conduct under the Federal Constitution.

4.      The contemporaneous evidence—Zoning Administrators' and Township officials' interpretations, testimony under oath regarding that time period, the existence of hundreds of short-term rentals, and the reason for the Zoning Ordinance change in 2003, amongst other—shows that, **at the very least**, the Pre-2024 Zoning Ordinance did not provide fair notice to laypersons that STRs were prohibited in residential districts.  _If Zoning Administrators thought (and told residents) the Pre-2024 Zoning Ordinance allowed short-term rentals in residential districts, then a layperson could not have expected to have reached the opposite conclusion_.

5.      Because the Pre-2024 Zoning Ordinance failed to give fair notice that STRs were prohibited, Plaintiffs acquired and exercised protected property interests in using their homes as STRs and in continuation of those uses as lawful nonconforming uses when the Township amended its Zoning Ordinance in 2024.  Plaintiffs lawfully used their properties as STRs before the 2024 Amendment because the Pre-2024 Zoning Ordinance was unconstitutionally vague.

4

6.     Armed with its new interpretation, the Township is not recognizing Plaintiffs' vested right to continue using their properties as STRs.  On or about November 20, 2025, the Township sent enforcement notices to short-term rental owners, including Plaintiffs, to notify them that the Township is "actively enforcing the zoning ordinance with regard to short-term rentals" and to "stop short term rental use immediately."  The Townships' imminent and threatened enforcement of an unconstitutionally vague statute has caused Plaintiffs to lose rental income, property value, and other damages, as well as created the need for declaratory relief that the Township cannot rely upon an unconstitutionally vague statute to deprive Plaintiffs of the right to use their properties as nonconforming uses.

7.     Plaintiffs have a federal due process right to be free from enforcement of unconstitutionally vague laws, and the Pre-2024 Zoning Ordinance did not provide fair notice to Plaintiffs that STRs were prohibited in residential areas.  Accordingly, the Township Zoning Ordinance—insofar as whether it prohibited STRs in residential districts from 2003 until the March 2024 amendment—is unconstitutionally vague on its face and applied to Plaintiffs. Consequently, the Township's use of the pre-2024 Zoning Ordinance to divest Plaintiffs of their right to continue using their properties as STRs under the 2024 Amendment violates Plaintiffs' due process rights.

8.     Given the Township's actions and its imminent enforcement of the 2024 amended Zoning Ordinance, as declared by the Township in notices sent to STR owners on or around November 20, 2025, Plaintiffs file this action to vindicate their rights, obtain monetary damages, and obtain declaratory relief.

## PARTIES, JURISDICTION, AND VENUE

9.     Plaintiffs are individuals and entities that own single-family dwellings in the residential zoning districts within Park Township, Michigan.[1]  See **Exhibit A**, which details the property address owned by each Plaintiff.

10.     Defendant Park Township is a municipality located in Ottawa County, Michigan.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under 42 U.S.C. § 1983.

12.     This action asserts federal claims for prospective and retrospective relief based on the unconstitutional vagueness of the Pre-2024 Zoning Ordinance and the Township's enforcement of that Ordinance.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Park Township resides within this District, and this Court can exercise personal jurisdiction over Park Township.

## GENERAL ALLEGATIONS

### I.    PARK TOWNSHIP ALLOWS STRS FOR DECADES.

14.     Park Township is located on the shores of Lake Michigan and Lake Macatawa.  It is home to Holland State Park, which is "best known for sugar sand beaches, beautiful sunsets and views of the iconic 'Big Red' lighthouse."  Park Township also contains other beachside parks, nature preserves, and trails.

15.     Given these and other features, Park Township is a popular destination for vacationers.

---

[1] One Plaintiff owns a two-family dwelling.

16.    To accommodate these visitors, property owners in Park Township have long rented out their single-family dwellings for any length of time that they wished.

17.    Consistent with Michigan's foundational public policy in favor of the free exercise of property rights, short-term rentals have been a fixture of Park Township's residential zones since at least the 1970s.

18.    In fact, in 2003, the Township amended its Zoning Ordinance to ensure that STRs were permitted in its residential districts.

19.    Not surprisingly, after 2003 (until very recently), the Township did not tell anyone that they cannot have a STR in a residential district and certainly did not take any enforcement action to eliminate short-term rentals that the Township knew existed.  Quite the opposite, Township officials affirmed on numerous occasions that renting a residential home short term was *not* regulated and *was* allowed.

## II.    THE ZONING ORDINANCE ALLOWED SHORT-TERM RENTALS IN RESIDENTIAL DISTRICTS.

20.    The Pre-2024 Zoning Ordinance permitted "single-family dwellings" in each residential district.

21.    "Dwelling" was defined in relevant part as "[a]ny building or portion of a building that is occupied in whole or in part as a home or residence, either permanently or temporarily, by one or more families, but not including motels, hotels, resorts, tourist rooms or cabins."

22.    The definitional phrase "single-family" referred to dwellings that were a "building designed for use and occupancy by one family only."

23.    The pre-2024 Zoning Ordinance further provided that "[t]he words 'used' or 'occupied,' as applied to any land or building, shall be construed to include the words "intended, arranged, or designed to be used or occupied."

7

24.     Combining the definitions of "single-family," "dwelling," "use" and "occupied," the plain-language definition of "single-family dwelling," as that phrase is used in the pre-2024 Zoning Ordinance can be re-written as this:

> Any building or portion of a building that is intended, arranged, or designed to be used or occupied in whole or in part as a home or residence, either permanently or temporarily by one family, but not including motels, hotels, resorts, tourist rooms or cabins.

25.     This definition can be distilled to a two-step inquiry: (1) Is the property a building or portion of a building that is intended, arranged, or designed to be used or occupied in whole or in part as a home or residence, either permanently or temporarily by one family; and (2) if so, is the property a motel, hotel, resort, tourist room, or cabin? The items in step two of this inquiry are "exclusions."

26.     Here, Plaintiffs' STRs at issue are each a building or a portion of a building that is intended, arranged, or designed to be used or occupied in whole or in part as a home or residence, either permanently or temporarily by one family.

27.     STRs thus fall under the definition of a "dwelling" for a "single family" under the Pre-2024 Zoning Ordinance.

28.     A layperson would understand that STRs fall under the definition of a single-family dwelling.

29.     STRs also do not fall under the definition of a "motel" or "tourist room" under the Pre-2024 Zoning Ordinance.

30.     At the very least, a reasonable layperson, like the Township's Zoning Administrators, would have interpreted the Zoning Ordinance such that STRs did not fall under the definition of motel or tourist home, thereby including STRs in the definition of single-family dwelling.

31.     Prior to 2003, a motel was defined as "A building or group of buildings on the same lot, whether detached or in connected rows, containing sleeping or dwelling units which may not be independently accessible from the outside with garage or parking space located on the lot and designed for, or occupied by automobile travelers.  The term shall include any building or building groups designated as motor lodges, transient cabins, or by any other title intended to identify them as providing lodging, with our [sic] without meals, for compensation on a transient basis."

32.     In 2003, the definition of a motel was revised because, per then-Planning Commission Chair John VanIwaarden, the "township has determined that the ordinance is unclear when it comes to motel/hotel requirements".

33.     A motel was then re-defined as "[a] commercial establishment consisting of a building or group of buildings on the same lot, whether detached or in connected rows, which offers lodging accommodations and sleeping rooms to transient guests in return for payment. Access to the lodging facilities is generally from the outside."

34.     The "commercial establishment" language was added in 2003 specifically to exclude STRs from the definition of "motel."

35.     Likewise, in 2003, the Township deleted the phrase that a "motel" included "any building or building groups designated as motor lodges, transient cabins, or by any other title intended to identify them as providing lodging, with or without meals, for compensation on a transient basis."  In other words, the Township restricted which buildings constituted a motel.

36.     STRs are not a "commercial establishment."

37.     The use of the phrase "establishment" in the definition of motel denotes permanency.  Here, however, Plaintiffs could (and sometimes do) choose to stop using their property as an STR at any time and could use the properties for themselves.

38.    A "commercial establishment" is a place of business with fixtures and organized staff.  The STRs at issue in this case do not have "fixtures and organized staff."  Many of the STRs owned by Plaintiffs are managed, repaired, and even clean by the owners themselves, not organized staff or employees.

39.    A "commercial establishment" is not one that occurs at a private residence for only specific invitees of the homeowner.  Here, the STRs at issue only allows guests that are invitees of the homeowner.

40.    A "commercial establishment" is a business with a "common business area."  Here, the STRs at issue do not have a common business area.

41.    A "commercial establishment" has posted operating hours, during which the public may enter.  STRs do not have operating hours and the general public is never free to enter.

42.    A tourist home is "[a] building, other than a hotel, boardinghouse, lodging house, or motel where lodging is provided by a resident family in its home for compensation, mainly for transients."

43.    Under the Township's Pre-2024 Zoning Ordinance, a "family" is "[o]ne or more persons occupying a single dwelling unit and using common cooking facilities."

44.    "Home" is not defined by the Zoning Ordinance, but it means "one's place of residence."

45.    Thus, for a property to be a "tourist home," the lodging must be provided by residents who are <u>occupying</u> the dwelling unit as their place of residence.

46.    Previous Zoning Administrators testified that a "tourist home" is one in which the family is literally living there while they are hosting other people.

10

47.     Here, none of the STRs are a "tourist home," including because none have a resident family living there while hosting other people.

48.     At the very least, the Pre-2024 Zoning Ordinance did not provide fair notice that STRs did not fall under the definition of a single-family dwelling (including that it did not provide fair notice that STRs fell under the definition of a "motel" or "tourist room").

49.     Township officials have admitted that the Pre-2024 Zoning Ordinance was not clear as to whether STRs were allowed.

50.     In fact, according to the Township's Zoning Administrator, the Township's 2024 Zoning Ordinance amendment's purpose was to "clarify" the Pre-2024 Zoning Ordinance as it relates to STRs, which is an acknowledgment by the Township that the Pre-2024 Zoning Ordinance was *not* clear.

### III.    FROM 2003 UNTIL 2024, THE EVIDENCE DEMONSTRATES THAT ANY LAY PERSON WOULD INTERPRET THE ZONING ORDINANCE TO ALLOW STRS IN RESIDENTIAL DISTRICTS.

51.     Besides the Zoning Ordinance's latent vagueness, every contemporaneous fact before 2024 would have indicated to a reasonable observer that STRs were allowed in Park Township.

52.     For decades, the Township Zoning Administrators (the Township official responsible for interpreting and enforcing the Zoning Ordinance) repeatedly, explicitly, and unanimously took the position that STRs were permitted in the Township's residential zones.  They frequently communicated this interpretation to Park Township citizens, including many Plaintiffs.

### A.    Zoning Administrator Briggs

53.     The Zoning Administrator in Park Township is responsible for administering, enforcing, and interpreting the Zoning Ordinance.

54.     Kirk Briggs was the Zoning Administrator from 1992 to 2008.

55.     After reviewing the definition of a "motel," Mr. Briggs recently testified only one motel existed in the entire Township.

56.     Zoning Administrator Briggs explained that the Township amended the definition of "motel" in 2003 to exclude STRs from the definition of "motel."

### B.  Zoning Administrator de Vries

57.     Ed de Vries served as Park Township Zoning Administrator from 2011 to 2018.

58.     Zoning Administrator de Vries was unequivocal that the use of dwellings as STRs constituted a "single-family dwelling" under the correct interpretation of the Zoning Ordinance:

> Q:     And, again, it was your understanding at this time that people were, in fact, allowed to use their homes as STRs?
> A:     Yes.
> Q:     And that was because it was your position that the STRs constituted a single-family dwelling?
> A:     Yes.

59.     Zoning Administrator de Vries formed his interpretation by reading and analyzing the Zoning Ordinance and then discussing it with the Township's Building Inspector, Manager, and Assessor, all of whom agreed STRs were allowed.

60.     Zoning Administrator de Vries received 2-3 calls per week about the legality of STRs and his response was "currently it's being permitted."

61.     Zoning Administrator de Vries told numerous citizens via e-mail that STRs were allowed in residential districts.

62.     Zoning Administrator de Vries testified that any person who had a STR in a residential district would have a nonconforming use if the zoning were to change to eliminate STRs from residential districts.

12

63.   Zoning Administrator de Vries told citizens that their property would be "grandfathered" if a zoning change were made, which de Vries said was the layman's term for a nonconforming use.

64.   Zoning Administrator de Vries also believed that only one motel existed in the Township.

### C.  Zoning Administrator Posillico

65.   After Zoning Administrator de Vries, the Township hired a professional consulting firm to perform the Township's zoning administration duties

66.   Zoning Administrator Emma Posillico, a professional zoning and local government consultant with a master's level degree in urban and regional planning, served as Zoning Administrator from October 2018 through October 2020.

67.   In a formal memorandum to the Zoning Board of Appeals, Ms. Posillico wrote: "[a]s you know, Park Township does not regulate vacation rentals."

68.   Ms. Posillico also told numerous inquiring citizens via e-mail that "Park Township does not have short term rental regulations."

### D.  Zoning Administrator Mohr

69.   Zoning Administrator Lindsay Mohr was master's-level trained in zoning and served as the Zoning Administrator in late 2020.

70.   Zoning Administrator Mohr informed several residents that "The Township does not regulate STRs."

### E.  Manager Fink

71.     Township Manager Howard Fink served as chief administrative officer of the Township during the time period that the Township transitioned from its historical position on STRs (that they were allowed) through the time that the Township decided to ban them.

72.     As he explained in his deposition, Manager Fink has a master's degree in urban planning and has "much more training and lengthy experience to interpret a zoning ordinance than the average layperson off the street."

73.     Utilizing his superior knowledge, Manager Fink concluded (at least before the Board decided to change course) that the Township did not prohibit STRs in residential districts.

74.     For example, in an official Manager's Report dated August 4, 2017, Manager Fink explained his response to residents who complained about STRs in the Township:  "I have had detailed conversations with all the complainants explaining that we have no regulations on the books regarding this issue."

75.     Likewise, Manager Fink would frequently be copied on citizen e-mail inquiries about the legality of STRs, yet he never disagreed with the Zoning Administrators' interpretations that STRs were allowed.

### F.  Code Enforcement Officer Moerland

76.     Code Enforcement Officer Paul Moerland served Park Township for approximately five years

77.     He knew that STRs existed in residential areas during his entire tenure, but he never once issued a citation or even a warning for a Zoning Ordinance violation (despite testifying he did not have the authority to overlook any violations).

14

78.     Until the time that the Township changed its position, Mr. Moerland informed numerous residents that STRs were allowed.

79.     If trained zoning personnel and municipal officials could not decipher that STRs were disallowed (and in fact thought the contrary), then a layperson could not be expected to do so either.

80.     From 2003 through 2024, the Township never cited any STRs for noncompliance with the Zoning Ordinance.

81.     STRs were so widespread in Park Township that, by October 2022, the Township had 248 single-family dwellings being rented on a short-term basis.

82.     In reliance on a reasonable interpretation of the Zoning Ordinance, the Township's official view that STRs were allowed under the Ordinance, the lack of any enforcement action to the contrary, STRs prevalence in Park Township, and in some cases, verbal or written assurances to property owners, Plaintiffs used their properties in Park Township as STRs.

### G.  <u>The Pre-2024 Zoning Ordinance Contains No Distinction Between Long-Term and Short-Term Rentals.</u>

83.     The Pre-2024 Zoning Ordinance contains no mention of the distinction between a "short-term" rental and a "long-term" rental.

84.     The Pre-2024 Zoning Ordinance does not reference or even use the phrases "long-term" or "short-term."

85.     In fact, the Pre-2024 Zoning Ordinance does not even use the word "rental."

86.     Some property owners, as a layperson reasonably would, assumed that they had a right to rent out their property.

87.     Yet, even though the Pre-2024 Zoning Ordinance contains no dividing line between a short-term rental and a long-term rental, the Township has not-coincidentally concluded that only short-term rentals were disallowed under the Pre-2024 Zoning Ordinance.

88.     Under the Township's after-the-fact interpretation of the Pre-2024 Zoning Ordinance, long-term rentals are permitted in residential districts, but STRs are not.

89.     The Pre-2024 Zoning Ordinance contains no language that distinguishes between long-term and short-term rentals.

90.     The Township's interpretation that long-term rentals are allowed under the Pre-2024 Zoning Ordinance demonstrates that STRs were allowed too.

91.     At the very least, the Pre-2024 Zoning Ordinance's failure to include any distinction between a long-term rental and short-term rental further demonstrates that a reasonable layperson would not understand that *only* short-term rentals are prohibited in residential districts.

## IV.    THE TOWNSHIP AMENDS THE ZONING ORDINANCE AND SEEKS TO PURGE ITSELF OF ALL EXISTING STRs.

92.     The Township Board decided that it did not want STRs in the Township, and thus concocted a new interpretation of the Pre-2024 Zoning Ordinance (which concludes that STRs are not permitted in residential districts) and said the Pre-2024 Zoning Ordinance (as re-interpreted) would be enforced starting October 1, 2023.

93.     Plaintiffs could thus continue using their properties as STRs without the threat of enforcement until at least October 1, 2023.

94.     Ultimately, the Township never found any person guilty for a violation of the Pre-2024 Zoning Ordinance solely for using a property as a STR.

95.     In March 2024, the Township enacted Zoning Ordinance Amendment No. 2024-01 (the "2024 Amendment"), which first defines STRs, then prohibits STRs in all residential zoning districts in Park Township., and then adds a "wind down" period regarding enforcement.

96.     To accomplish the Board's goal to ban STRs, the Township has taken the position that STRs were never allowed under the Pre-2024 Zoning Ordinance, but that the Township simply never enforced its Zoning Ordinance.  This faulty logic is how the Township tries to justify not recognizing the hundreds of STRs that have operated in its jurisdiction for years.

97.     This position is also squarely contradicted by the current Zoning Administrator's position that the 2024 Amendment was intended to "provide clarity" about the status of STRs.

98.     The Township has indicated via public statements and notices sent to individual Plaintiffs that it is currently enforcing the STR ban against Plaintiffs.

99.     Plaintiffs, individually and as part of the nonprofit organization Park Township Neighbors, have sought to vindicate their rights under Michigan state law through the judicial process.   Specifically, Plaintiffs are currently parties to a suit pending before the Michigan Court of Appeals, which involves the interpretation of the Zoning Ordinance.[2]

100.     This lawsuit is necessary for at least several reasons notwithstanding the state-court proceeding.  First, the Township is "actively" enforcing the Zoning Ordinance (in reliance upon the Pre-2024 Zoning Ordinance's purported prohibition on STRs) during the pendency of that case, and therefore Plaintiffs need relief under the Federal Constitution now.  Second, even if Plaintiffs

---

[2] The claims raised in the state-court proceeding are different than the claims raised here. In the now pending appeal at the Michigan Court of Appeals, Plaintiffs are challenging an interpretation under state law of the Township's Zoning Ordinance that was offered by the Township's Zoning Board of Appeals.  As it pertains to this case, however, no court has ever adjudicated whether the Pre-2024 Zoning Ordinance provided adequate notice of prohibited conduct under the Due Process clause of the U.S. Constitution and thus whether Plaintiffs have a federal property interest in a nonconforming use created by the lack of notice.

were to prevail in that state-court proceeding, Plaintiffs are nonetheless entitled to their damages for the Township's violation of federal constitutional rights via enforcement of an unconstitutionally vague statute.

101.    Plaintiffs now seek to vindicate their federal due process rights in this Court.

### COUNT I
### VIOLATION OF DUE PROCESS - UNCONSTITUTIONAL VAGUENESS
### 42 U.S.C. § 1983

102.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

103.    The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit enforcement of vague ordinances in a matter that deprives citizens of life, liberty or property interests.

104.    Plaintiffs have a life, liberty, or property interest in the continued use of their properties as STRs.

105.    Plaintiffs have a property interest because they should have a nonconforming use to use their properties as STRs, but the Township is relying upon an unconstitutionally vague statute to conclude that STRs were prohibited (and therefore asserting that Plaintiffs do not have a nonconforming use).

106.    Plaintiffs have a property interest because they lawfully used their properties as STRs before the 2024 Amendment because the Pre-2024 Zoning Ordinance was unconstitutionally vague as to whether STRs were prohibited.

107.    Under state law, the Pre-2024 Zoning Ordinance lawfully allowed STRs in residential districts because the Pre-2024 Zoning Ordinance was unconstitutionally vague (under both Michigan's and the federal Constitution) that STRs were prohibited.

108.    42 U.S.C. § 1983 provides a cause of action against local governments like Park Township that violate federal constitutional rights.

109.    An ordinance is unconstitutionally vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or if it authorizes or encourages arbitrary and discriminatory enforcement.

110.    The Pre-2024 Zoning Ordinance definition of single-family dwelling, including the exclusions, are unconstitutionally vague as to whether STRs fall under them.

111.    The Pre-2024 Zoning Ordinance authorizes or encourages arbitrary and discriminatory enforcement.

112.    The Township cannot take away Plaintiffs' property rights by relying upon enforcement or application of the Pre-2024 Zoning Ordinance in regards to STRs.

113.    As applied to Plaintiffs' properties and their STR use, the Pre-2024 Zoning Ordinance failed to give fair notice that STRs were prohibited and invited arbitrary enforcement.

114.    The Pre-2024 Zoning Ordinance is facially vague because its definitions do not provide clear standards for distinguishing permitted residential rentals from prohibited STRs. Specifically, the definition of single-family dwelling, including its exclusions (including "motel" and "tourist home"), failed to provide people of ordinary intelligence a reasonable opportunity to understand that STRs (unlike long-term rentals) were excluded from the definition of single-family dwelling.

115.    As explained above, a reasonable reader of the Ordinance would have understood STRs as falling outside these exclusions and within the definition of single-family dwelling.  This interpretation would have been consistent with decades of local practice and the Township's own interpretation.

19

116.    The Township's own Zoning Administrators, Manager, and Code Enforcement Officer—persons trained and charged with applying the Ordinance—uniformly interpreted the Ordinance to allow STRs, underscoring that people of ordinary intelligence could not reasonably foresee that STRs were prohibited

117.    By purchasing, improving, and operating STRs in Park Township in reliance on the Pre-2024 Zoning Ordinance, Plaintiffs acquired legitimate, investment-backed expectations and protected property interests in the continued STR use of their properties.

118.    The Pre-2024 Zoning Ordinance's vagueness authorizes or even encourages arbitrary and discriminatory enforcement.  This is demonstrated by the Township's decades-long approach and then about-face in recent years.

119.    The Pre-2024 Zoning Ordinance is facially unconstitutional and as applied to Plaintiffs' STR uses because it fails to clearly distinguish permitted residential rentals from prohibited STRs and lacks objective standards to guide enforcement

120.    Plaintiffs have a right to use their property as STRs as a nonconforming use.

121.    As demonstrated by the Township's public statements and notices, its enforcement of the STR ban notwithstanding Plaintiffs' entitlement to a lawful non-conforming use is imminent.

122.    The Township's imminent enforcement of an unconstitutional Ordinance would extinguish Plaintiffs' property rights, including but not limited to their entitlement to a lawful non-conforming use that would allow them to continue using their properties as STRs.

123.    Plaintiffs have been and will be damaged by the Township's imminent and threatened enforcement of an unconstitutionally vague statute, in the form of lost rental income, lost property value, and significant time and legal expenses.

124.    In addition to monetary damages, Plaintiffs are entitled to a declaratory judgment from this Court, recognizing that the Pre-2024 Zoning Ordinance is unconstitutionally vague and, consequently, Plaintiffs' have a right to be free from enforcement that extinguishes their nonconforming use interests.  *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 57.

125.    In addition to monetary and declaratory relief, Plaintiffs are also entitled to injunctive relief, preventing the Township from enforcing its STR ban that relies upon an unconstitutionally vague statute (because otherwise Plaintiffs would have nonconforming use rights).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Park Township as follows:

A.    Award monetary damages, costs, statutory interest, and attorneys' fees (including statutory attorneys' fees under 42 U.S.C. § 1988(b)), to the fullest extent of the law.

B.    Declare that the Pre-2024 Zoning Ordinance is unconstitutionally vague as to STRs, and that the Township may not rely on that Ordinance to deny Plaintiffs the right to continue using their properties as STRs as lawful nonconforming uses.

C.    Enjoin Park Township from enforcing its STR ban against Plaintiffs in any manner that relies on the Pre-2024 Zoning Ordinance to deny or extinguish their nonconforming-use rights.

D.    Award all other relief to which Plaintiffs may be entitled.

Respectfully submitted,

Varnum LLP
Attorneys for Plaintiffs

Dated: January 13, 2026              By:    /s/*Kyle P. Konwinski*
                                            Kyle P. Konwinski (P76257)
                                            Neil E. Youngdahl (P82452)
                                            Bridgewater Place, P.O. Box 352
                                            Grand Rapids, MI 49501-0352
                                            (616) 336-6000
                                            kpkonwinski@varnumlaw.com
                                            neyoungdahl@varnumlaw.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs demand a jury trial in this case.

Respectfully submitted,

Varnum LLP
Attorneys for Plaintiffs

Dated: January 13, 2026              By:    /s/*Kyle P. Konwinski*
                                            Kyle P. Konwinski (P76257)
                                            Neil E. Youngdahl (P82452)
                                            Bridgewater Place, P.O. Box 352
                                            Grand Rapids, MI 49501-0352
                                            (616) 336-6000
                                            kpkonwinski@varnumlaw.com
                                            neyoungdahl@varnumlaw.com

28490094.1

22