UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY ALLEN, ET AL

      Plaintiffs

-vs-                                 Case No: 1:26-cv-127
                                      Honorable Paul L. Maloney
                                      Magistrate Judge Maarten Vermaat

PARK TOWNSHIP,

      Defendant.

_____

## <u>DEFENDANT'S REPLY TO RESPONSE TO MOTION TO DISMISS IN LIEU OF FILING ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>

Plaintiffs' Response confirms what Defendant's opening brief demonstrated: this lawsuit is an attempt to use a federal forum to undo the practical effect of a state-court zoning interpretation that Plaintiffs lost below and are currently appealing. Plaintiffs cannot avoid dismissal by recasting the same predicate issue, the asserted ambiguity of Park Township's Pre-2024 Zoning Ordinance, as federal vagueness and takings claims. Every argument in Plaintiffs' Response depends on one or both of two premises that are demonstrably wrong: (1) that *Houdini Properties, LLC v. City of Romulus*, 480 Mich. 1022 (2008), gives Plaintiffs a federal do-over on issues necessarily decided in state proceedings; and (2) that the constitutional labels Plaintiffs attach to their claims somehow immunize them from the preclusive effect of a state court's authoritative interpretation of state law. Neither premise is correct.

Plaintiffs' federal claims depend entirely on contradicting the Ottawa County Circuit Court's determination that the Pre-2024 Ordinance plainly prohibited short-term rentals in

1

residential districts. This Court should not permit that collateral attack. Plaintiffs' vagueness theory fails because the state court found the ordinance unambiguous as a matter of law, and the Constitution does not require a zoning ordinance to use the modern label "short-term rental" if existing definitions of motel, tourist home, and commercial transient lodging cover the use. Their per se takings theory fails because a zoning restriction on one rental duration is not a physical appropriation of property. Their regulatory takings theory fails because they plead only conclusory allegations of economic harm and cannot establish reasonable investment-backed expectations premised on a use prohibited by ordinance. And their group pleading remains inadequate under *Twombly* and *Iqbal*. The Court should grant Defendant's Motion and dismiss the Amended Complaint with prejudice.

## I. PROCEDURAL DOCTRINES BAR PLAINTIFFS' CLAIMS

### A. *Houdini* Does Not Defeat the Motion to Dismiss.

Plaintiffs' overarching response to every procedural defense is a single case: *Houdini Properties, LLC v. City of Romulus*, 480 Mich. 1022 (2008). According to Plaintiffs, because a ZBA cannot adjudicate federal constitutional claims, no state proceeding arising from a ZBA appeal can have any preclusive effect on any subsequent federal action. This is a fundamental misreading of *Houdini*. *Houdini* stands for the unremarkable proposition that a ZBA lacks jurisdiction to award damages under 42 U.S.C. § 1983 or to adjudicate *independent* federal constitutional claims. It does not hold that state courts reviewing ZBA decisions cannot authoritatively construe state law, or that such constructions have no preclusive effect on subsequent federal litigation that depends on contradicting them. The Michigan Supreme Court's statement that the circuit court could "not rule on the [constitutional] issues" means only that the circuit court could not adjudicate the *separate constitutional cause of action* in the context of

judicial review of the ZBA's decision. It does not mean that the state court's interpretation of the ordinance's meaning, a pure question of state law, is a nullity that federal courts must ignore.

Defendant does not argue that the state court adjudicated Plaintiffs' § 1983 claims. The state court necessarily decided *state-law predicate issues* that are essential to Plaintiffs' federal claims – namely, what the Pre-2024 Ordinance meant, whether it plainly prohibited STRs in residential zones, whether STRs fall within the motel/tourist home definitions, and whether prior administrators' statements could override the ordinance's text. Plaintiffs' federal vagueness claim requires this Court to find that the ordinance *did not* provide fair notice – i.e., that it was ambiguous. But the state court has already held, after full briefing and oral argument, that the ordinance was unambiguous and clearly prohibited STRs. *Houdini* does not prevent issue preclusion as to those state-law determinations, nor does it allow a federal court to disregard a state court's authoritative interpretation of state law.

Plaintiffs' cited cases are distinguishable. *Get Back Up, Inc. v. City of Detroit*, 878 F. Supp. 2d 794 (E.D. Mich. 2012), involved a plaintiff bringing *independent* constitutional claims that had not been litigated in any state forum; the court held only that the ZBA proceeding did not preclude the plaintiff from *bringing* those separate claims. *Jon Jon's Inc. v. City of Warren*, 534 F. App'x 541 (6th Cir. 2013), similarly involved independent constitutional claims not previously adjudicated. Neither case holds that a federal court must ignore a state court's definitive construction of state law when a plaintiff's federal claims depend on contradicting that construction. Here, the Ottawa County Circuit Court explicitly found that the Pre-2024 Ordinance was *not* vague or ambiguous. Plaintiffs' vagueness theory requires this federal court to reject that plain-language ruling – precisely the collateral attack that preclusion doctrines are designed to prevent.

3

Plaintiffs' "jurisdictional Catch-22" argument (ECF No. 17, PageID.186) is a straw man. Defendant does not argue that plaintiffs can never bring constitutional challenges to zoning ordinances in federal court. Defendant argues that these Plaintiffs cannot relitigate in federal court state-law issues already decided against them in state court by repackaging them as federal claims. That is not a Catch-22 – it is the ordinary operation of preclusion and full faith and credit.

**B. The Rooker-Feldman Doctrine Bars These Claims.**

Defendant acknowledges that post-*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Rooker-Feldman doctrine is narrow. But narrow does not mean inapplicable. This case fits squarely within the doctrine's core: Plaintiffs are "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284; *see also HPIL Holding, Inc. v. Zhang*, 168 F.4th 944, 947 (6th Cir. 2026).

Plaintiffs argue their injuries were caused by the Township's enforcement actions, not by the state-court judgment. But the enforcement actions Plaintiffs challenge are the direct consequence of the state court's affirmance of the ZBA's interpretation. Plaintiffs seek a declaration that the Pre-2024 Ordinance was unconstitutionally vague and an injunction against enforcement based on that ordinance. This would require this Court to reject the state court's holding that the ordinance plainly prohibited STRs in residential districts. That is quintessential Rooker-Feldman territory. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (looking to "source of the injury" and whether federal relief requires rejecting state-court determination).

Plaintiffs contend their takings claim is "completely divorced" from the state proceedings because it does not depend on whether the ordinance is properly interpreted to prohibit STRs. (ECF No. 17, PageID.188). This is sophistry. If the state court correctly found that the ordinance always

prohibited STRs, then the "fundamental property right" Plaintiffs claim was taken – the right to operate an STR – never existed as a legally cognizable property interest in the first place. The takings claim thus depends entirely on contradicting the state court's construction or arguing that, even accepting it, a taking occurred. Such an argument necessarily implicates the state court's determination.

**C. Younger Abstention Applies or, in the Alternative, Supports a Stay.**

Plaintiffs argue that the pending state appeal does not fit a NOPSI category. Defendant maintains that the state appellate proceeding reviewing a local zoning enforcement adjudication implicates the third NOPSI category, a civil proceeding uniquely in furtherance of the state courts' judicial functions. As to the Middlesex factors, all three are met: (1) state proceedings are currently pending before the Michigan Court of Appeals; (2) the proceedings involve an important state interest in zoning and land-use regulation, *see Johnecheck v. Bay Twp.*, 119 F. App'x 707, 710 (6th Cir. 2004); and (3) the state proceedings provide Plaintiffs with an adequate opportunity to raise constitutional claims. *See Choe v. Flint Charter Twp.*, 240 Mich. App. 662, 668 n.2, 615 N.W.2d 739, 741 (2000) ("Plaintiff is, of course, free to challenge the constitutionality of the zoning ordinance in an appeal to the circuit court."). Plaintiffs' reliance on *Houdini* to argue the state proceedings cannot afford them adequate opportunity confuses the ZBA's jurisdiction with the appellate courts' jurisdiction. Michigan circuit courts and the Michigan Court of Appeals unquestionably have jurisdiction to adjudicate constitutional challenges.

Plaintiffs cited out-of-circuit cases – *375 Slane Chapel Road*, *Golf Village*, *Downing*, and *Selig* – are not binding and are distinguishable because they did not involve a pending state appellate proceeding reviewing the very same ordinance interpretation at issue in the federal action. Here, the Michigan Court of Appeals is actively considering the meaning and validity of

5

the same Pre-2024 Ordinance. Federal intervention would directly interfere with that process. Abstention is appropriate as an alternative ground for dismissal.

**D. Pullman Abstention Is Appropriate.**

Plaintiffs' constitutional theories depend on unresolved state-law questions currently pending before the Michigan Court of Appeals, including the authoritative interpretation of the Pre-2024 Ordinance and whether Plaintiffs have nonconforming-use status. *Pullman* abstention is appropriate because a state-law determination could moot or substantially narrow the federal constitutional issues. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941); *Jones v. Coleman*, 848 F.3d 744, 749 (6th Cir. 2017).

Plaintiffs' argument that the Township has taken an inconsistent position by arguing the ordinance is both unambiguous and subject to *Pullman* abstention misses the point. The Township's position is consistent: the Pre-2024 Ordinance unambiguously prohibited STRs. The question pending on appeal is whether the Michigan Court of Appeals will affirm that construction. If it does, Plaintiffs' vagueness claim is moot. If it reverses and holds the ordinance permitted STRs, the takings claim is moot. Either way, the state-law determination can eliminate or substantially narrow the federal questions. That is precisely why *Pullman* abstention exists. *See San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.,* 545 U.S. 323, 339, 125 S. Ct. 2491, 2502 (2005) ("the purpose of *Pullman* abstention . . . is to avoid resolving the federal question by encouraging a state-law determination that may moot the federal controversy").

Plaintiffs' argument that Pullman abstention would "chill" their constitutional rights (ECF No. 17, PageID.197) is unpersuasive in the zoning context. Plaintiffs can identify no fundamental right to operate short-term rentals, and *Pullman* abstention is not an abdication of jurisdiction.

Instead, it is a temporary postponement pending resolution of the state appeal that Plaintiffs themselves initiated. *Jones*, 848 F.3d at 749.

**E. Collateral Estoppel Applies Under Both Federal and Michigan Law.**

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, this Court must give the Ottawa County Circuit Court's judgment the same preclusive effect it would receive in Michigan courts. *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Exxon Mobil*, 544 U.S. at 293.

Plaintiffs argue that Michigan's collateral estoppel doctrine applies only to questions of *fact*, not questions of law, citing *Greenbrooke* and *Horn*. (ECF No. 17, PageID.194). This argument overstates Michigan law. Michigan courts apply issue preclusion to issues "actually litigated and determined by a valid and final judgment" that were essential to the prior judgment. *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682-84 (2004). The phrase "question of fact" in *Greenbrooke* distinguishes abstract legal propositions (where preclusion is inappropriate) from concrete legal determinations applied to specific operative facts (where it is appropriate). The state court's determination that the specific ordinance at issue unambiguously prohibited STRs is not a free-floating legal proposition – it is a concrete determination about the meaning and application of a specific enactment to specific conduct, made after adversarial litigation with full opportunity to be heard.

Moreover, regardless of how Michigan labels its preclusion doctrine, federal courts must respect the *substance* of what was decided. When a state court authoritatively construes a state law, a federal court is bound by that construction. *See Heike v. Cent. Mich. Univ. Bd. of Trustees*, 573 F. App'x 476, 480 (6th Cir. 2014). Plaintiffs had a full and fair opportunity to litigate the ordinance's meaning. Many of the same plaintiffs – including lead plaintiff Jeremy Allen – participated in the state-court proceedings, were represented by counsel, presented evidence, made

legal arguments, and even made oral concessions. (Ex. 1, pg. 9). Plaintiffs cannot relitigate in federal court issues already decided by state courts simply by recasting them in constitutional terms. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

That the state-court judgment is on appeal does not license a parallel federal collateral attack. If the Michigan Court of Appeals reverses, the preclusion issue becomes moot. If it affirms, preclusion is conclusive. Either way, this federal action is premature.

## II. PLAINTIFFS' DUE PROCESS/VAGUENESS CLAIM FAILS AS A MATTER OF LAW

### A. The Ordinance Provided Fair Notice as a Matter of Law.

Plaintiffs' Response does not cure the fundamental defect in their vagueness claim: the Ottawa County Circuit Court has already held that the Pre-2024 Ordinance was unambiguous. The Constitution does not require a zoning ordinance to use the precise modern label "short-term rental" if existing definitional categories – motel, tourist home, commercial transient lodging – cover the use. *See United States v. Williams*, 553 U.S. 285, 306 (2008) ("What renders a statute vague is not the possibility that it will sometimes be difficult to determine" whether conduct is covered, "but rather the indeterminacy of precisely what" standard the law imposes).

The state court conducted precisely the analysis the vagueness doctrine contemplates. It found that a person of ordinary intelligence reading the 1974 Ordinance would understand that STRs, which "provide lodging for compensation on a transient basis" (Ex. 1, pg. 8), are "by definition, simply another name for a motel" and are permitted only in the C-2 Resort Service District. (Ex. 1, pg. 8, 14). Plaintiffs' concession at oral argument in the state court, that the 1974 Ordinance equated STRs with motels, further demonstrates that the ordinance provided adequate notice. (Ex. 1, pg. 9).

Plaintiffs argue that a post hoc judicial interpretation cannot establish fair notice. But the vagueness doctrine asks whether the statutory text provides reasonable notice, not whether every citizen will correctly parse a complex regulatory scheme without error. *See Sheffield v. City of Fort Thomas*, 620 F.3d 596, 614 (6th Cir. 2010) (ordinance must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited"). Where, as here, a court finds that the text plainly covers the challenged conduct through ordinary tools of statutory interpretation, the ordinance is not unconstitutionally vague. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 19 (2010) ("perfect clarity and precise guidance have never been required").

**B. Administrators' Erroneous Statements Cannot Render Clear Text Unconstitutional.**

The centerpiece of Plaintiffs' vagueness argument is their reliance on prior zoning administrators' statements that STRs were permitted. This theory fails as a matter of law for the reasons the state court identified: "[Z]oning administrators . . . do not have the authority to re-write ordinances or usurp the authority of the ZBA. . . . [N]either the ZBA nor this Court are bound by a history of erroneous statements by zoning administrators." (Ex. 1, pg. 13). Vagueness is measured by the *text* of the enactment, not by how individual officials may have misinterpreted it. *City of Chicago v. Morales*, 527 U.S. 41, 60 (1999). An official's erroneous interpretation cannot amend an ordinance, create a lawful nonconforming use, or render otherwise clear text unconstitutionally vague. If it could, any municipality whose employees misread a statute would be forever barred from enforcing it – a result that would cripple the rule of law in zoning administration.

Plaintiffs' observation that the 2024 Amendment was described as providing "clarity" (ECF No. 17, PageID.198) proves nothing about constitutional vagueness. Legislatures routinely amend statutes for clarity even when the prior text was legally unambiguous. A legislative decision to

9

make an already-clear enactment clearer does not retroactively render the prior version unconstitutionally vague.

## C. Plaintiffs' Facial Challenge Is Deficient.

Outside the First Amendment context, a facial vagueness challenge requires that the plaintiff "must demonstrate that the law is impermissibly vague in all of its applications" *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 497 (1982). Plaintiffs do not allege that the ordinance is vague as to all conduct it regulates. They allege, at most, disagreement about how it applies to *their* STR businesses. The ordinance clearly regulates motels and tourist homes in defined districts. Plaintiffs themselves conceded in state court that the 1974 Ordinance equated STRs with motels. (Ex. 1, pg. 9). Such a facial challenge faces an "uphill battle" in the land-use setting and Plaintiffs' complaint does not even begin to climb that hill. *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 494 (1987).

## D. The Arbitrary Enforcement Allegation Is Conclusory.

Plaintiffs allege that the ordinance "authorizes or encourages arbitrary and discriminatory enforcement" (ECF No. 10, PageID.103-104), but the factual allegations they offer in support amount to nothing more than a change from non-enforcement to enforcement of the ordinance as written. A municipality's decision to begin enforcing a longstanding prohibition is not arbitrary or discriminatory absent allegations that similarly situated property owners were treated differently or that enforcement was motivated by an impermissible purpose. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plaintiffs identify no impermissible targeting, no similarly situated non-enforcement, and no discriminatory animus. Their allegation that the Township changed its

10

enforcement posture in 2022 after receiving increasing citizen complaints (Ex. 1, pg. 2) describes legitimate democratic governance, not arbitrary enforcement.

### III. PLAINTIFFS' TAKINGS CLAIM FAILS AS A MATTER OF LAW

**A. No Per Se Taking Has Been Pled.**

Plaintiffs' effort to convert a use restriction – regulation of one rental duration within residential zones – into a per se physical appropriation is inconsistent with *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 538-39 (2005), *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982), and *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021). Plaintiffs refer to a "bedrock takings principle: government, 'by *ipse dixit*, may not transform private property into public property without compensation.' *Cedar Point*, 594 U.S. at 155" (ECF No. 17, PageID.205, n. 9). It is entirely unclear where the supposition that the Township is attempting to "transform private property in public property" arises, but Plaintiffs miss the mark by a wide margin in attempting to obfuscate the issues actually before this Court: there is no physical invasion of Plaintiffs' property, no government-authorized third-party occupation, and no direct appropriation of a discrete property interest. A zoning restriction that limits certain uses of property is analyzed under the regulatory takings framework (*Penn Central*), not per se takings doctrine. *See Lingle*, 544 U.S. at 538-39. Plaintiffs rely heavily on *Hodel v. Irving*, 481 U.S. 704 (1987), but that case involved the *total destruction* of the right of descent and devise, not the regulation of transient commercial lodging use within a residential zone.

Here, Plaintiffs retain the right to occupy their properties, sell them, use them as residences, and lease them lawfully (including long-term rentals, which are not at issue). The Township has not destroyed any "stick in the bundle" – it has regulated the *manner* in which one stick may be exercised within certain zones.

Plaintiffs' other cases are equally unavailing: *Terrace v. Thompson*, 263 U.S. 197 (1923), recognized leasing as an attribute of property but did not hold that every restriction on any form of leasing constitutes a per se taking. *Winter v. Mackie*, 376 Mich. 11, 19 (1965), says fee simple includes the right to lease property "in any *lawful* way." Here, STR use is unlawful under the ordinance as interpreted by the state court. *NACG Leasing v. Dep't of Treasury*, 495 Mich. 26 (2014), involved the Michigan Use Tax Act and personal property leasing, not a Takings Clause rule immunizing real-property rentals from zoning – making it unclear why Plaintiffs cited it for a case solely concerning real property. *Sheetz v. Cnty. of El Dorado*, 601 U.S. 267 (2024), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994), involve development exactions and dedication, not ordinary zoning enforcement. If every zoning regulation restricting a particular use constituted a per se taking, the entire Penn Central regulatory takings framework would be rendered superfluous, and the power to zone recognized in *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926), would cease altogether. The Court should reject Plaintiffs' invitation to collapse the distinction between use regulations and physical appropriations.

**B. No Regulatory Taking Is Plausibly Alleged Under Penn Central.**

Plaintiffs argue that the *Penn Central* factors present fact-intensive inquiries inappropriate for resolution at the 12(b)(6) stage. But where, as here, the complaint fails to allege facts sufficient to state a *plausible* regulatory takings claim, dismissal is proper. *See Lifestyle Communities Ltd. v. City of Worthington*, 165 F.4th 1013, 1024 (6th Cir. 2026). As seen below, the *Penn Central* factors weigh in the Township's favor.

*Economic impact*: Plaintiffs allege "significant lost rental income and diminished property values" but do not allege deprivation of *all or most* economically beneficial use. They retain the right to use their properties as residences, sell them, and rent them on a long-term basis. Bare

allegations of lost STR income do not state a plausible taking. "Even a significant loss of property value, absent more, will not suffice to prove a taking." *Lifestyle Communities*, 165 F.4th at 1023 (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 645 (1993)).

*Investment-backed expectations*: Reasonable investment-backed expectations cannot be premised on a use *prohibited by ordinance*. *Lifestyle Communities*, 165 F.4th at 1024 (property owner "cannot establish a taking 'simply by showing that they have been denied the ability to exploit a property interest that they heretofore had believed was available for development'") (quoting *Penn Central*, 438 U.S. at 130). The ordinance prohibited STRs in residential zones. Plaintiffs cannot establish reasonable investment-backed expectations based on (1) non-enforcement of a prohibition, (2) erroneous staff opinions that the state court has specifically held were not binding, or (3) a unilateral belief that a use would continue. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1005 (1984) (must show "more than a unilateral expectation or an abstract need").

*Character of government action*: The enforcement of a zoning ordinance restricting certain uses in residential districts to protect neighborhood character is a valid exercise of the police power. *Goldblatt v. Town of Hempstead*, 369 U.S. 590, 594 (1962). It is paradigmatic land-use regulation, not acquisition for public use. *See Murr v. Wisconsin*, 582 U.S. 383, 405 (2017). Plaintiffs' claim that this factor weighs in their favor because the ban forces them to "shoulder the costs" of neighbors who "desire exclusivity" (ECF No. 17, PageID.207) inverts the analysis. A municipality protecting its residential character through zoning is exercising its core police power, not "shifting" burdens.

**C. The Takings Claim Is Untimely and Logically Inconsistent with the Vagueness Claim.**

Plaintiffs cannot simultaneously maintain that the ordinance was so vague that no one could understand it prohibited STRs (Count I) and that the ordinance effected a taking by clearly prohibiting STRs (Count II). While Federal Rule of Civil Procedure 8(d)(3) permits alternative pleading, it does not save legally defective theories. Each claim must independently state a plausible basis for relief. *See Iqbal*, 556 U.S. at 678.

On timeliness: if the ordinance always prohibited STRs (as the state court found), any challenge to the ordinance itself accrued decades ago. Plaintiffs argue the claim did not ripen until enforcement began, citing *Williamson County* and *Palazzolo*. But *Williamson County*'s ripeness requirement concerns whether the government has reached a "final decision" regarding application of the regulation to the specific property, not whether enforcement has begun. Here, the ordinance's prohibition of STRs in residential zones was a final legislative decision when enacted. The Township's recent *enforcement* of a preexisting restriction is not a new "taking," it is the ordinary operation of zoning. The limitations period for challenging the underlying restriction has long since expired.

## IV. PLAINTIFFS' GROUP PLEADING REMAINS INADEQUATE

Plaintiffs argue they have adequately pled individualized injuries because each plaintiff owns property in Park Township, used it as an STR, and received enforcement notices. (ECF No. 17, PageID.209-210). But the Amended Complaint lists dozens of plaintiffs with different properties across different zoning districts and makes almost entirely group-based allegations without specifying which plaintiffs suffered what specific injuries.

At a minimum, each plaintiff must individually allege facts establishing: (1) the specific zoning district of their property; (2) their use history (when they began STR operations); (3)

14

whether they received a specific enforcement notice; (4) the specific economic harm they suffered; and (5) whether they personally participated in the state proceedings (relevant to preclusion). *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (requiring "concrete and particularized" injury); *Iqbal*, 556 U.S. at 678. Listing properties in an exhibit does not satisfy *Twombly*'s and *Iqbal*'s requirement of factual specificity.

Plaintiffs' reliance on *In re Cannon*, 277 F.3d 838, 852 (6th Cir. 2002), and *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979), does not excuse the deficiency. Those cases hold that each plaintiff must show personal injury – but Plaintiffs here have not done so. The Amended Complaint's blanket allegations prejudice Defendant and prevent a meaningful response to each individual claim.

**CONCLUSION**

For the foregoing reasons, Defendant Park Township respectfully requests that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiffs' Amended Complaint with prejudice.

Respectfully submitted,

DATED: June 22, 2026          PLUNKETT COONEY

BY:  */s/ Charles L. Bogren*
          Charles L. Bogren (P82824)
          Attorneys for Defendant
          333 Bridge Street, N.W., Suite 530
          Grand Rapids, Michigan  49503
          **Direct Dial:  616-752-4606**
          **cbogren@plunkettcooney.com**